**Aaron HODGES, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General of the United States, Defendant–Appellee.**

No. 07–55554.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Jan. 22, 2009.

Brett M. Rubin, Esquire, the Law Offices of Brett M. Rubin, Beverly Hills, CA, for Plaintiff–Appellant.

David A. Dejute, Assistant U.S., Office of U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

**486**

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

MEMORANDUM **

Aaron Hodges ("Hodges") appeals the ruling of the United States District Court for the Central District of California, granting summary judgment and entering judgment in favor of his employer, Appellee John E. Potter, Postmaster General of the United States Postal Service ("USPS"), on Hodges' claim for discrimination in retaliation for protected activity, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment.

Hodges' claim is governed by the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In a retaliation claim, the *McDonnell Douglas* framework requires that the plaintiff show (1) that he engaged in activity protected under Title VII; (2) that his employer subjected him to an adverse employment action; and (3) that a causal link exists between the protected activity and the adverse employment action. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir. 2002).

Where the plaintiff has made out his *prima facie* case, a presumption of unlawful discrimination arises and the burden of production shifts to the defendant to rebut

the presumption by articulating a legitimate, non-discriminatory reason for the adverse employment action. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The *prima facie* case may be rebutted by any legitimate, nondiscriminatory reason which supports the agency's actions, at which point the burden shifts back to the plaintiff to prove that the proffered non-discriminatory reason is pretextual. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 523–524, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256, 101 S.Ct. 1089.

██ For the purposes of this memorandum disposition, we assume, without deciding, that Hodges could make out his *prima facie* case. The USPS has rebutted the presumption of discrimination by articulating—and adducing evidence supporting—a legitimate, non-discriminatory reason for its action. USPS made the decision to dismiss Hodges after an investigation concluding that Hodges committed "acts of fraud intended to allocate resources from the [USPS] to Ms. Robinson in the form of pay and overtime pay that Robinson was not entitled to." This is sufficient to shift the burden back to Hodges to demonstrate pretext.

██ Hodges does not present any direct evidence of pretext. Instead, he seeks to show pretext indirectly by demonstrating that the proffered explanation is unworthy of credence, arguing that other USPS employees engaged in similar alleged wrongdoing were not terminated.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The evidence does not support an inference of pretext. Although Hodges offers the declaration of Tony Morris to show that the USPS did not terminate all employees who engaged in similar fraud, the USPS has convincingly distinguished Morris's case from Hodges'. Morris was accused of less serious wrongdoing, quickly admitted to engaging in the accused of actions, and was found not to have knowingly violated USPS policy. On the other hand, the USPS investigation found Hodges to have engaged in substantial fraud and to have been evasive and dishonest. Given these and other distinctions, we find that Hodges has not met his burden and failed to offer evidence that could show pretext.

The decision of the district court is AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.